IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SERGEI KOVALEV, | : | |
| *Plaintiff* | : | CIVIL ACTION |
| v. | : | |
| | : | |
| HOME DEPOT U.S.A., INC. *et al.,* | : | No. 22-465 |
| *Defendants* | : | |

## MEMORANDUM

PRATTER, J.                                                    MARCH _____, 2023

Sergei Kovalev claims he experienced a traumatic encounter with Home Depot U.S.A., Inc. ("Home Depot U.S.A."), The Home Depot, Inc. ("Home Depot"), and their employees, who allegedly discriminated against him on the basis of his race, at a Home Depot location in Philadelphia. But, drilling down on Mr. Kovalev's grievance, his Amended Complaint revolves around a tense verbal dispute as to the structural integrity of a plastic bag.

Mr. Kovalev commenced this suit *pro se*. Several motions filed by the parties to the case are now before the Court. Home Depot U.S.A. and Home Depot filed a Motion to Dismiss. Craig Menear separately filed a Motion to Dismiss. Mr. Kovalev filed a Motion to Strike Mr. Menear's Motion to Dismiss. Finally, Mr. Kovalev filed a Motion for Reconsideration regarding a Court order.

The Court will (1) grant Home Depot and Home Depot U.S.A.'s Motion to Dismiss, (2) deny Mr. Menear's Motion to Dismiss as moot, (3) deny Mr. Kovalev's Motion to Strike as moot, and (4) deny Mr. Kovalev's Motion for Reconsideration as moot.

TABLE OF CONTENTS

Background ........................................................................................................................ 3

I.      Parties to the Case ........................................................................................... 3
II.     Facts ................................................................................................................. 3
III.    Procedural History............................................................................................ 5

Legal Standard ................................................................................................................. 6

Discussion ........................................................................................................................ 7

I.      Motions to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim .............................................................................................................................. 7

    A.      Home Depot and Home Depot U.S.A.'s Motion to Dismiss........................................ 7

        1.      Count I: Assault and Battery – Intimidation and Offensive Touching .................... 8

        2.      Count II: Assault by Harassment or Independent Claim for Harassment................. 9

        3.      Counts III and X: Assault by Ethnic Intimidation or Independent Claim for Ethnic Intimidation; Pennsylvania Civil Rights Violations - Violation of 42 Pa. Cons. Stat. § 8309 10

        4.      Count IV: Negligent Infliction of Emotional Distress ........................................... 12

        5.      Count V: Intentional Infliction of Emotional Distress........................................... 14

        6.      Count VI: Negligence ...................................................................................... 15

        7.      Count VII: Negligence *Per Se* ........................................................................ 16

        8.      Count VIII: Gross Negligence ........................................................................... 17

        9.      Count IX: Defamation, Defamation *Per Se*, and Defamation by Implication ........ 18

        10.     Count XI: Federal Race Discrimination in Violation of 42 U.S.C. § 2000a(a) *et seq.* 19

        11.     Count XII: Federal Race Discrimination in Violation of 42 U.S.C. § 1981........... 20

        12.     Count XIII: Federal Discrimination in Violation of 42 U.S.C. § 1982 ................. 22

        13.     Count XIV: Conspiracy in Violation of 42 U.S.C. § 1985 .................................... 23

        14.     Count XV: Violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. § 201-1, *et seq.* ..................................................................... 24

        15.     Motion to Strike Claim for Punitive Damages ...................................................... 25

        16.     Mr. Kovalev's claim for punitive damages is therefore dismissed.Dismissal as to All Defendants ...................................................................................................... 25

    B.      Mr. Menear's Motion to Dismiss .................................................................... 26

II.     Mr. Kovalev's Motion to Strike Mr. Menear's Motion to Dismiss .............................. 27
III.    Mr. Kovalev's Motion for Reconsideration ................................................................ 27
Conclusion ...................................................................................................................... 30

BACKGROUND

I.  **Parties to the Case**

Home Depot and Home Depot U.S.A. are for-profit Delaware corporations with their principal places of business located in Georgia. Mr. Kovalev asserts that both entities are registered as foreign corporations in Pennsylvania.

Mr. Kovalev has also named an individual Home Depot location, Home Depot #4112, as a defendant. Home Depot #4112 is a retail store located at 4640 Roosevelt Boulevard, Philadelphia, PA 19124.

Craig Menear was Home Depot's Chairman and Chief Executive Officer during the events alleged in the Amended Complaint. Mr. Kovalev alleges that Mr. Menear was a main policymaker for Home Depot and Home Depot U.S.A., and he formulated policies relating to the hiring and training of Home Depot's employees.

Jane Does I and II are adults employed at Home Depot #4112. Does 1 through 10 are persons, companies, or corporations who were unknown to Mr. Kovalev at the time he filed his Amended Complaint.

II.  **Facts**

Mr. Kovalev identifies himself as a white man "of Eastern European ethnic origin." Am. Compl. ¶ 24. He visited Home Depot #4112 on September 5, 2021 to make a few purchases. Mr. Kovalev believed himself to be the only white customer in the store, while he identified each cashier at the store as African-American.

Mr. Kovalev brought a shopping cart through the checkout line, and Jane Doe II, an African-American employee as identified by Mr. Kovalev, scanned his items and placed them into one plastic bag. Mr. Kovalev told Jane Doe II that she needed to use two or three plastic bags, or the bag would rip during Mr. Kovalev's walk to his car. Because she did not want to repackage

Mr. Kovalev's purchases, Jane Doe II pretended not to hear or understand him, which prompted Mr. Kovalev to repeat his request.

Jane Doe I, the head cashier at the store, then "aggressively approached [the] cash register stand where [Mr. Kovalev] was staying, . . . grabbed the plastic shopping bag with all [the] items that [Mr. Kovalev] was trying to buy, . . . tossed the entire package behind the cash register, and ordered [Mr. Kovalev] to move out of the purchase/customers' line." Am. Compl. ¶ 43. Mr. Kovalev alleges that Jane Doe I made the following statements to Jane Doe II: (1) "Do not serve him"; (2) "Take the next customer," and (3) "He [Mr. Kovalev] is not going to buy anything in my . . . store." Am. Compl. ¶ 44. Jane Doe I then grabbed Mr. Kovalev's shopping cart, which held his umbrella and other personal possessions, and forcibly pushed the cart away from the line.

Mr. Kovalev understood Jane Doe I's actions to "clearly indicate[ ] that she was telling [Mr. Kovalev] (a White person)" that "he was precluded forever [from] buy[ing] anything in 'her' store." Am. Compl. ¶ 47. He was then surrounded by Jane Doe I, Jane Doe II, and a third male employee, each of whom Mr. Kovalev perceived to be African-American and, by his account, aggressive. Mr. Kovalev feared for his life, anticipating that he would be attacked because of his race.

Mr. Kovalev's transaction at the cash register was suspended. After walking through the store, he located an assistant store manager, to whom he aired his grievances. The assistant manager arranged for Mr. Kovalev to complete his purchase, this time in a different part of the store with a cashier Mr. Kovalev identified as white.

Mr. Kovalev alleges that ever since, he "has been severely traumatized, unable to sleep and has suffered extreme mental anguish, humiliation, embarrassment, grief, apprehension, fear of the Home Depot stores, loss of enjoyment of life, alienation, injury to his dignity, injury to his health, loss of productive time, defamation, and many other harms and damages." Am. Compl. ¶ 70.

4

### III.    Procedural History

Mr. Kovalev initially filed a complaint with substantially similar facts in this Court, which he voluntarily dismissed when his motion to proceed *in forma pauperis* was denied. *Kovalev v. The Home Depot, Inc.*, No. 21-cv-5010 (E.D. Pa.). He then filed a complaint in the Philadelphia Court of Common Pleas. He initially named only Home Depot, Home Depot U.S.A., and Home Depot Store #4112 as defendants. Home Depot and Home Depot U.S.A. filed a notice of removal, and Mr. Kovalev filed an amended complaint, additionally naming as defendants Craig Menear, Jane Doe I, Jane Doe II, and Does 1 through 10.

The Amended Complaint sets forth 15 claims: (1) assault and battery – intimidation and offensive touching (Count I); (2) assault by harassment or independent claim for harassment (Count II); (3) assault by ethnic intimidation or independent claim for ethnic intimidation (Count III); (4) negligent infliction of emotional distress (Count IV); (5) intentional infliction of emotional distress (Count V); (6) negligence (ordinary negligence) (Count VI); (7) negligence *per se* (Count VII); (8) gross negligence (Count VIII); (9) defamation, defamation *per se*, and defamation by implication (Count IX); (10) Pennsylvania civil rights violations – violation of 42 Pa. Cons. Stat. § 8309 (Count X); (11) federal discrimination in violation of 42 U.S.C. § 2000a(a) *et seq.* (Count XI); (12) federal discrimination in violation of 42 U.S.C. § 1981 (Count XII); (13) federal discrimination in violation of 42 U.S.C. § 1982 (Count XIII); (14) conspiracy in violation of 42 U.S.C. § 1985 (Count XIV); and (15) violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 Pa. Cons. Stat. § 201-1 *et seq.* (Count XV). Mr. Kovalev also seeks punitive damages and declaratory and injunctive relief.

Home Depot and Home Depot U.S.A. filed a Motion to Dismiss Mr. Kovalev's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Mr. Menear also filed a Motion to Dismiss Mr. Kovalev's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6). Mr. Menear argues that Mr. Kovalev cannot pursue a claim against a corporate officer for the alleged acts of a corporation.

Mr. Kovalev filed a Motion to Strike Mr. Menear's Motion to Dismiss, arguing that Mr. Menear did not file his motion in a timely manner.

Finally, Mr. Kovalev filed a Motion for Reconsideration as to the Court's Order denying Mr. Kovalev's Motion to Compel and granting Home Depot, Home Depot U.S.A., and Mr. Menear's Motion for Protective Order.

All relevant parties have had adequate opportunity to respond to these pending motions, the motions are fully briefed, and so they are ripe for decision.

### LEGAL STANDARD

*Pro se* pleadings such as Mr. Kovalev's are to be "liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint is held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A claim raised by a *pro se* plaintiff should be dismissed only when it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 521.

Still, the Third Circuit Court of Appeals has held that *pro se* litigants must "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). A court should read the self-representing "party's papers liberally and interpret[ ] them to raise the strongest arguments suggested therein." *Hodson v. Alpine Manor, Inc.*, 512 F. Supp. 2d 373, 384 (W.D. Pa. 2007).

DISCUSSION

I.    **Motions to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Courts should "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (alternation in the original) (internal quotation marks omitted).

A.    **Home Depot and Home Depot U.S.A.'s Motion to Dismiss**

Home Depot and Home Depot U.S.A. move to dismiss each of the 15 counts alleged by Mr. Kovalev for failure to state a claim. They also move to strike Mr. Kovalev's claim for punitive damages. The Court will generally address each claim seriatim.

### 1. Count I: Assault and Battery – Intimidation and Offensive Touching

At Count I, Mr. Kovalev asserts a claim for assault and battery against all defendants based on his allegation that Jane Doe I and Jane Doe II intentionally denied him services, intimidated him, and threw away the shopping cart that Mr. Kovalev was holding. Home Depot and Home Depot U.S.A. argue that this claim should be dismissed because the verbal exchange between Mr. Kovalev, Jane Doe I, and Jane Doe II did not place Mr. Kovalev in apprehension of an immediate harm and he did not experience a harmful or offensive touching.

Per Pennsylvania law, "[a]ssault is an intentional attempt by force to do an injury to the person of another, and a battery is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person." *Cohen v. Lit Bros.*, 70 A.2d 419, 421 (Pa. Super. Ct. 1950). The actor is only liable for assault if he acts with intent to cause a harmful or offensive contact or an imminent apprehension of harmful or offensive contact, and the other person actually experiences imminent apprehension. Restatement (Second) of Torts § 21. "Battery occurs when a person acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and . . . a harmful contact with the person of the other directly or indirectly results." *Sciotto v. Marple Newton Sch. Dist.*, 81 F. Supp. 2d 559, 577 (E.D. Pa. 1999) (quoting Restatement (Second) of Torts § 13) (internal quotation marks omitted). A touching or "bodily contact is offensive if it offends a reasonable sense of *personal dignity*." *Herr v. Booten*, 580 A.2d 1115, 1117 (Pa. Super. Ct. 1990).

Even construing the Amended Complaint liberally, as required, the Court cannot find that Mr. Kovalev has alleged enough facts to support an intentional attempt by Jane Doe I or Jane Doe II to cause Mr. Kovalev physical injury or the fear of physical injury or harmful contact. Although he alleges in conclusory fashion that Jane Doe I and Jane Doe II were "intimidating" him, "aggressive," and "intentionally provoking" Mr. Kovalev such that there might be a confrontation,

these averments are insufficient to show an intentional attempt by the Home Depot employees to cause Mr. Kovalev physical injury or fear of harmful contact. Am. Compl. ¶¶ 134, 139, 141.

Mr. Kovalev's claim of battery also fails. He asserts that Jane Doe I caused a harmful or offensive contact by "grabbing and pushing away [the] shopping cart that [Mr. Kovalev] was holding" and which he alleges had contact with his clothing. Am. Compl. ¶ 115. But Mr. Kovalev does not allege that this movement caused him any physical harm, nor would such movement of a cart *away* from someone "offend[ ] a reasonable sense of *personal dignity*" even if the cart was initially touching Mr. Kovalev's clothing, because a shopping cart cannot reasonably be regarded as part of his person. *Herr*, 580 A.2d at 1117; *cf.* Restatement (Second) of Torts § 18 cmt. c ("[T]here may be things which are attached to one's body with a connection so slight that they are not so regarded [as a part of the person]. . . . Thus, the ordinary man might well regard a horse upon which he is riding as part of his personality but, a passenger in a public omnibus or other conveyance would clearly not be entitled so to regard the vehicle merely because he was seated in it.")

The motion to dismiss Count I is therefore granted.

### 2.   Count II: Assault by Harassment or Independent Claim for Harassment

Mr. Kovalev also attempts to bring an independent claim for harassment pursuant to the Pennsylvania criminal harassment statute, 18 Pa. Cons. Stat. § 2709, or assault by harassment.

As Home Depot and Home Depot U.S.A. note, § 2709 sets forth the elements of the crime of harassment without establishing a *civil* cause of action. *In re Olick*, No. 10-cv-7492, 2011 WL 5075104, at *9 (E.D. Pa. Oct. 26, 2011); *see also DeAngelo v. Fortney*, 515 A.2d 594, 596 (Pa. Super. Ct. 1986) (declining to create a separate tort of harassment premised on § 2709).

Therefore, Count II fails, and Mr. Kovalev's claim of harassment is dismissed.

3.  **Counts III and X: Assault by Ethnic Intimidation or Independent Claim for Ethnic Intimidation; Pennsylvania Civil Rights Violations - Violation of 42 Pa. Cons. Stat. § 8309**

At Count III, Mr. Kovalev pursues a claim of ethnic intimidation, alleging that when Home Depot's employees refused to sell anything to him, they acted with malicious intent toward him on the basis of his race, color, or national origin, as a civil claim related to 18 Pa. Cons. Stat. § 2710. Under this law,

> [a] person commits the offense of ethnic intimidation if, with malicious intention toward the race, color, religion or national origin of another individual or group of individuals, *he commits an offense under any other provision of this article or under Chapter 33* (relating to arson, criminal mischief and other property destruction) exclusive of section 3307 (relating to institutional vandalism) *or under section 3503* (relating to criminal trespass) with respect to such individual or his or her property or with respect to one or more members of such group or to their property.

18 Pa. Cons. Stat. § 2710(a) (emphasis added). "Malicious intention" is defined to mean the intent to commit any act that "is a necessary element of [the predicate crime] motivated by hatred toward the race, color, religion or national origin of another individual or group of individuals." *Id.* § 2710(c).

Mr. Kovalev's Count III claim suffers from two shortcomings. First, there is no private cause of action under § 2710 itself. *Isaac v. Marsh,* No. 20-cv-1993, 2020 WL 6504637, at *5 (M.D. Pa. Nov. 5, 2020). Second, Mr. Kovalev has not asserted facts that would support a finding that the Home Depot employees acted with malicious intention against him. "The statute requires showing that, in the course of committing the predicate offense, the actor manifested a malicious intent toward the intended victim and had as motivation the hatred of the victim's race, color, religion, or national origin." *Brown-Dickerson v. City of Phila.,* No. 15-cv-4940, 2016 WL 1623438, at *5 (E.D. Pa. Apr. 25, 2016) (citing *Commonwealth v. Sinnott,* 30 A.3d 1105, 1109 (Pa. 2011)). Mr. Kovalev vaguely alleges that Jane Does I and II cut short his transaction and removed his shopping cart from the customer line, and that this "clearly displays malicious

10

intention toward [Mr. Kovalev's] race, color or national origin." Am. Compl. ¶ 156. But this conclusory allegation is not supported by sufficient facts, and Mr. Kovalev does not suggest that either Jane Doe I or Jane Doe II used *any* language to describe Mr. Kovalev's race or national origin, much less the kind of charged racial language that would lead to a plausible inference of malicious intention. Rather, he merely notes that his ethnicity contrasts with the majority of people in the store, including that of Jane Doe I and Jane Doe II, and attributes racial motives to their alleged actions without foundation.

Hence, Count III is dismissed pursuant to Rule 12(b)(6).

At Count X, Mr. Kovalev asserts a claim under 42 Pa. Cons. Stat. § 8309, which does provide a private cause of action under § 2710. Section 8309 states:

> A person who incurs injury to his person or damage or loss to his property as a result of conduct described in 18 Pa. C.S. § 2710 (relating to ethnic intimidation) . . . shall have a right of action against the actor for injunction, damages or other appropriate civil or equitable relief.

42 Pa. Cons. Stat. § 8309(a); *Brown-Dickerson,* 2016 WL 1623438, at \*5. As discussed above, the offense of ethnic intimidation requires the commission of an enumerated predicate offense in § 2710 "with malicious intention toward the race, color, religion or national origin of another individual or group of individuals." 42 Pa. Cons. Stat. § 2710(a).

Because § 8309 is predicated on a plaintiff pleading that conduct described in § 2710 has occurred, and Mr. Kovalev has failed to show that the defendants acted with the requisite malicious intention described in § 2710, his § 8309 claim must fail as well.

The Court thus dismisses Count X of the Amended Complaint.

### 4.  Count IV: Negligent Infliction of Emotional Distress

At Count IV, Mr. Kovalev alleges a claim of negligent infliction of emotional distress, arguing that he "suffers from severe emotional distress and related physical trauma, including intense headaches, involuntary hyperventilation, shortness of breath, frequent nightmares, stress, anxiety, and intense tightening of the muscles." Am. Compl. ¶ 189. The Amended Complaint seeks to frame the claim under three theories of this tort.

To state such a claim under Pennsylvania law, the plaintiff must show one of the following: "(1) the defendant had a contractual or fiduciary duty toward the plaintiff; (2) the plaintiff was subjected to a physical impact; (3) the plaintiff was in a zone of danger and reasonably feared impending physical injury; or (4) the plaintiff observed a tortious injury to a close relative." *Runner v. C.R. Bard*, 108 F. Supp. 3d 261, 272 (E.D. Pa. 2015). Additionally, there must be an allegation of physical harm and emotional disturbance that is recurring and tantamount to an illness. *Id.* at 273. Mr. Kovalev's emotional distress claim fails under any theory.

First, Mr. Kovalev asserts that the defendants owed him a duty of care based upon a special relationship—that is, the relationship between Home Depot, a business, and Mr. Kovalev, as a business invitee. The Pennsylvania Supreme Court has "limit[ed] the reach of this [category of negligent infliction of emotional distress] claim to preexisting relationships involving duties that obviously and objectively hold the potential of deep emotional harm in the event of breach." *Toney v. Chester Cnty. Hosp.*, 36 A.3d 83, 95 (Pa. 2011). This type of special relationship has most frequently been found in relationships related to burial or the doctor–patient relationship. *Id.* at 92. Mr. Kovalev fails to elaborate at all as to how his relationship as a customer with the retail defendants is so "special" as to potentially cause deep emotional harm. There is no assertion in the amended complaint that the relationship between Home Depot and Home Depot U.S.A and its

customers involves such levels of trust that a breach of the trust would result in profound emotional injury.

Second, Mr. Kovalev alleges that he "suffered a physical impact and [that he] was in danger and at risk of an immediate injury." Am. Compl. ¶ 185. "The office of the impact rule is to guard against feigned claims by requiring physical evidence to substantiate the alleged impingement of the defendant's negligence on the psyche of the plaintiff, and by assuring that the danger perceived by the plaintiff was not imaginary." *Plummer v. United States*, 580 F.2d 72, 76 (3d Cir. 1978). Mr. Kovalev's bald assertion that he suffered a "physical impact" without further substantiation is plainly inadequate to proceed under this category of negligent infliction of emotional distress claims.

Third, Mr. Kovalev avers that he "was in the 'zone of danger' of Defendants' tortious conduct." Am. Compl. ¶ 183. "Under the zone of danger theory, a plaintiff may recover if [ ]he (1) was in personal danger of physical impact because of the direction of a negligent force against h[im] and (2) actually feared the physical impact." *Russell v. Educ. Comm'n for Foreign Med. Graduates*, 603 F. Supp. 3d 195, 205 (E.D. Pa. 2022). Mr. Kovalev does not elaborate on the bounds of the zone of danger as it allegedly existed in the Home Depot store. Indeed, as a threshold matter, it is not even clear that any "force" allegedly directed at Mr. Kovalev by Home Depot, Home Depot, U.S.A. or its employees or agents qualified as "negligent," as the Amended Complaint posits that the defendants intentionally inflicted emotional distress upon him. Am. Compl. ¶ 182; *see also Gillespie v. Pa. State Police*, 574 F. Supp. 3d 272, 287 (E.D. Pa. 2021).[1]

---

[1]     Although it is not apparent from the Amended Complaint, Mr. Kovalev, in responding to Home Depot and Home Depot U.S.A.'s motion to dismiss, asserts that he has satisfied the pleading requirement for the fourth factual scenario because he observed a tortious injury to himself. But "bystanders *outside of the zone of danger* [may] obtain recovery in certain circumstances for emotional distress brought on by witnessing the injury or death of a *third party* (who typically must be a close relative of the bystander)." *Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 549 (1994) (emphasis added). A plain reading of the caselaw does not support an allegation that a plaintiff can qualify as his own "close relative" for purposes of this

Therefore, Mr. Kovalev has failed to make a claim for negligent infliction of emotional distress under any of the acceptable factual scenarios, and Count IV is dismissed.

### 5. Count V: Intentional Infliction of Emotional Distress

Mr. Kovalev next argues that the defendants "intentionally and recklessly inflicted emotional distress and emotional trauma" on him. Am. Compl. ¶ 192. Home Depot and Home Depot U.S.A. argue that Mr. Kovalev's allegations fail to show the type of outrageous behavior that would permit him to proceed with such a claim.

In order for this kind of claim to survive, the plaintiff must plead the following elements: "(1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe." *Snider v. Pennsylvania DOC*, 505 F. Supp. 3d 360, 445 (M.D. Pa. 2020). The conduct alleged must be truly appalling— "[i]t has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages." Restatement (Second) of Torts § 46 cmt. d; *see Hoy v. Angelone*, 720 A.2d 745, 754 (Pa. 1998) (collecting cases where conduct qualified as extreme and outrageous, including a hit and run where the defendant driver failed to alert authorities or seek medical help and buried the victim who was discovered months later; intentional fabrication of records to frame a plaintiff in a homicide; and a football team physician publicly claiming that a football player was dying from a fatal disease, which the physician knew to be false).

---

tort. Further, Mr. Kovalev alleges that he was within the zone of danger in the Amended Complaint, thus removing himself from this fourth factual scenario altogether.

Mr. Kovalev's allegations do not come close to approaching the egregious conduct typical of a successful intentional infliction of emotional distress claim. Accepting the allegations in the Amended Complaint as true, Mr. Kovalev had a verbal exchange with a Home Depot cashier and was thereafter told that he would not be permitted to complete his purchase at the counter. Perhaps this treatment could have been humiliating under some exacerbated conditions, but as described, it is insufficient to supply a basis for an intentional infliction of emotional distress claim.

Count V is, therefore, dismissed.

### 6. Count VI: Negligence

Mr. Kovalev asserts a claim for negligence on the basis that the defendants breached a legal duty to act in a reasonable way and avoid reckless behavior that could be expected to result in harm to its customers, including by failing to take appropriate care in hiring and training employees.

"A claim for negligence under Pennsylvania law contains four elements: (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting in harm to the interests of another." *Nw. Mut. Life Ins. Co. v. Babayan,* 430 F.3d 121, 139 (3d Cir. 2005). An employer has a "duty to exercise reasonable care in selecting, supervising and controlling employees." *R.A. ex rel. N.A. v. First Church of Christ*, 748 A.2d 692, 697 (Pa. Super. Ct. 2000). However, under this theory, "it must be shown that the employer knew or, in the exercise of ordinary care, should have known of the necessity for exercising control of his employee." *Dempsey v. Walso Bureau, Inc.*, 246 A.2d 418, 422 (Pa. 1968).

Even accepting, for the purposes of their motion to dismiss, that Mr. Kovalev could establish the elements of duty and breach, Home Depot and Home Depot U.S.A. argue that Mr. Kovalev's negligence claim must fail because he alleges no physical harm or damage to his person

or his property as a result of any alleged breach of duty. Mr. Kovalev seeks compensation for his "injuries, mental anguish, humiliation, apprehension, severe emotional distress, grief, loss of enjoyment of life, [and] harm and damages," Am. Compl. ¶ 218, but he asserts no factual basis for his alleged loss. The closest he may come to such an allegation would be the removal of his shopping cart from his vicinity with some of his personal possessions still within it, but he alleges no resulting physical harm from the shopping cart's movement, nor does he aver that his personal possessions were not returned to him.

This wholly speculative allegation is therefore not adequate to establish an actual loss or damage, so Mr. Kovalev's Count VI will be dismissed for failure to state a claim.

### 7. Count VII: Negligence *Per Se*

At Count VII, Mr. Kovalev asserts a claim for negligence *per se* on the basis that the defendants violated "42 Pa. C.S. § 8309, 18 Pa. C.S. § 2710, 43 Pa. C.S. § 951, *et seq.*; the Philadelphia Fair Practices Ordinance, Section 9-1101 *et seq.*; 42 U.S.C. § 2000a(a) *et seq.*; 42 U.S.C. § 1981; 42 U.S.C. § 1982; [and] 42 U.S.C. § 1985." Am. Compl. ¶ 227.

In Pennsylvania, negligence *per se* is a theory that "establishes the elements of duty and breach of duty where an individual violates an applicable statute, ordinance, or regulation designed to prevent a public harm." *Schemberg v. Smicherko*, 85 A.3d 1071, 1074 (Pa. Super. Ct. 2014). To state a negligence *per se* claim:

> (1) [t]he purpose of the statute must be, at least in part, to protect the interest of a group of individuals, as opposed to the public generally; (2) [t]he statute or regulation must clearly apply to the conduct of the defendant; (3) [t]he defendant must violate the statute or regulation; [and] (4) [t]he violation of the statute or regulation must be the proximate cause of the plaintiff's injuries.

*Id.* Because negligence *per se* is not an independent tort, "Pennsylvania law does not permit Plaintiffs to plead it as a separate claim from general negligence."[2] *Sipp-Lipscomb,* 2020 WL 7353105, at *1.

Here, Mr. Kovalev has failed to show that Home Depot or Home Depot U.S.A. violated any of the statutes described above. Per the previous analyses, the Court has found that Mr. Kovalev failed to state a claim under 18 Pa. Cons. Stat. § 2710 and 42 Pa. Cons. Stat. § 8309, and the Court will also discuss similar failures to state a claim under 42 U.S.C. § 2000a(a) *et seq.*, 42 U.S.C. § 1981, 42 U.S.C. § 1985, or 73 Pa. Stat. § 201-1, *et seq.* Moreover, Mr. Kovalev alleges no facts at all in the Amended Complaint pertaining to violations of 43 Pa. Con. Stat. § 951 or the Philadelphia Fair Practices Ordinance. This failure to show any violation of statute or regulation condemns Mr. Kovalev's Count VII.

Moreover, even if Mr. Kovalev succeeded in asserting a negligence *per se* theory, because the theory establishes only the first two elements of negligence (duty and breach), he would still have the burden of establishing the second two elements of negligence (causation and actual loss or damages). As discussed above, Mr. Kovalev has failed to assert actual loss or damages that would support a negligence claim under Pennsylvania law.

Mr. Kovalev's Count VII also must be dismissed.

### 8. Count VIII: Gross Negligence

Next, Mr. Kovalev asserts a claim for gross negligence. However, "there is no separate cause of action under Pennsylvania law for gross negligence," *Spence v. ESAB Grp., Inc.,* 623 F.3d

---

[2] Typically, where a claim of negligence is allowed to stand, "the court must dismiss the standalone negligence *per se* claim to permit plaintiffs to plead it as a theory for liability under general negligence." *Sipp-Lipscomb v. Einstein Physicians Pennypack Pediatrics,* No. 20-cv-1926, 2020 WL 7353105, at *3 (E.D. Pa. Dec. 9, 2020). Because Mr. Kovalev's claim for general negligence has already been dismissed, a more substantive analysis is warranted here.

212, 215 n.2 (3d Cir. 2010), and, in any event, Mr. Kovalev offers no additional facts that would

distinguish this claim from his "ordinary" negligence claim at Count VI.

Count VIII is therefore dismissed.

### 9. Count IX: Defamation, Defamation *Per Se*, and Defamation by Implication

Count IX asserts claims of defamation, defamation *per se*, and defamation by implication.

Mr. Kovalev seemingly asserts that the following statements made by Jane Doe I are defamatory:

"Do not serve him"; "Take the next customer"; "He [Mr. Kovalev] is not going to buy anything in

my . . . store." Am. Compl. ¶ 259.

In a defamation action under Pennsylvania law, the plaintiff has the burden to show:

(1) The defamatory character of the communication.
(2) Its publication by the defendant.
(3) Its application to the plaintiff.
(4) The understanding by the recipient of its defamatory meaning.
(5) The understanding by the recipient of it as intended to be applied to the plaintiff.
(6) Special harm resulting to the plaintiff from its publication.
(7) Abuse of a conditionally privileged occasion.

42 Pa. Cons. Stat § 8343(a). In defamation actions, it falls to courts to first determine whether a

statement is capable of defamatory meaning as a matter of law. *Mallory v. S&S Publishers*, 168 F.

Supp. 3d 760, 767 (E.D. Pa. 2016). A statement is defamatory if it "tends so to harm the reputation

of another as to lower him in the estimation of the community or to deter third persons from

associating or dealing with him." *U.S. Healthcare, Inc. v. Blue Cross of Greater Phila.*, 898 F.2d

914, 923 (3d Cir. 1990). It is not enough for a statement to embarrass or annoy the claimant. *Graboff*

*v. Colleran Firm*, 744 F.3d 128, 136 (3d Cir. 2014). Under a theory of defamation by implication,

defamation may be established when a statement creates a false implication when considered in

context. *Mzamane v. Winfrey*, 693 F. Supp. 2d 442, 477 (E.D. Pa. 2010). Apparently in the

alternative, Mr. Kovalev asserts a claim of defamation *per se*. A statement is defamatory *per se* if it

"imput[es] (1) criminal offense, (2) loathsome disease, (3) business misconduct, or (4) serious sexual misconduct." *Synygy, Inc. v. Scott-Levin, Inc.*, 51 F. Supp. 2d 570, 580 (E.D. Pa. 1999).

Mr. Kovalev's claim fails because the statements made by Jane Doe I directing Jane Doe II not to engage with Mr. Kovalev are incapable of defamatory meaning. The Amended Complaint does not set forth any derogatory or insulting language levied by any defendant toward Mr. Kovalev, and even if it did, if such statements were merely annoying or embarrassing, they would not harm Mr. Kovalev's reputation such that they could serve as the basis for a defamation claim. Moreover, Mr. Kovalev fails to explain how Jane Doe I's statements implicate any of the four defamation *per se* categories, as the quoted language does not relate to a criminal offense, loathsome disease, business misconduct, or sexual misconduct. Finally, Mr. Kovalev fails to show how Jane Doe I's statements, when considered in context, imply a falsehood about Mr. Kovalev, so the claim for defamation by implication cannot succeed.

For these reasons, Mr. Kovalev has failed to state a claim, and Count IX is dismissed.

### 10. Count XI: Federal Race Discrimination in Violation of 42 U.S.C. § 2000a(a) *et seq.*

At Count XI, Mr. Kovalev asserts a violation of 42 U.S.C. § 2000a(a) *et seq.* Specifically, he alleges that Home Depot employees denied him service on the basis of his race, color, and national origin.

"In order to state a claim under 42 U.S.C. § 2000a, the plaintiff must establish that [ ]he was deprived of the full and equal enjoyment of a public accommodation on the grounds of race, color, religion, or national origin." *McCrea v. Saks, Inc.*, No. 00-cv-1936, 2000 WL 1912726, at *2 (E.D. Pa. Dec. 22, 2000); 42 U.S.C. § 2000a(a).

Mr. Kovalev has failed to state a claim. The Amended Complaint sets forth no factual allegations that suggest Mr. Kovalev was discriminated against on the basis of his race or

ethnicity—Mr. Kovalev simply jumps to that conclusion because his race differs from the race he perceives Jane Doe I and Jane Doe II to have. He fails to offer any facts—for example, "suggestive statements directed toward him[ or] better treatment of similarly situated customers outside of [his] protected class"—that could lead the Court to find that the Home Depot employees plausibly harbored racial animus toward him, and a plaintiff's bald conclusions need not be credited in a motion to dismiss, even where that plaintiff represents himself. *Scott v. Police & Fire Fed. Credit Union*, No. 22-cv-988, 2022 WL 17547279, at *3 (D.N.J. Dec. 9, 2022). Moreover, as Home Depot and Home Depot U.S.A. note, Mr. Kovalev was ultimately able to complete his transaction at the store. *See, e.g., id.* (finding the complaint failed to state a viable cause of action under Title II where plaintiff had a 45-minute dispute with a credit union employee about his eligibility for a cash advance but the manager eventually agreed to permit the advance). Mr. Kovalev cannot assert a claim under this statute.[3]

The Court therefore dismisses Count XI of the Amended Complaint.

### 11. Count XII: Federal Race Discrimination in Violation of 42 U.S.C. § 1981

Mr. Kovalev also alleges a violation of 42 U.S.C. § 1981, arguing that he was deterred from making a purchase at the Home Depot store because of his race.

Section 1981 states that

[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give

---

[3]    The Court notes that Mr. Kovalev has also not convincingly established that the alleged acts of discrimination occurred in a place of public accommodation. The Third Circuit Court of Appeals has confirmed that to qualify as a place of public accommodation, two elements must be fulfilled: "first, it must be one of the statutorily enumerated categories of establishments that serve the public; second, its operations must affect commerce." *U.S. v. Lansdowne Swim Club*, 894 F.2d 83, 86 (3d Cir. 1990) (citing 42 U.S.C. § 2000a(b)) (internal citations omitted). Home Depot stores do not fall within any of the enumerated categories set forth in 42 U.S.C. § 2000a(b). Nevertheless, as Home Depot and Home Depot U.S.A. do not raise this issue, the Court does not rely primarily on this shortcoming in dismissing Mr. Kovalev's claim under 42 U.S.C. § 2000a(a).

evidence, and to the full and equal benefit of all laws and proceedings for the
security of persons and property as is enjoyed by white citizens . . . .

42 U.S.C. § 1981(a). The statute is meant to protect against purposeful discrimination. *Gen. Bldg.*

*Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982).

"To establish a claim[ ] under 42 U.S.C. § 1981, plaintiff must allege facts in support of

the following elements: 1) plaintiff is a member of a racial minority; 2) intent to discriminate on

the basis of race by the defendant; and 3) discrimination concerned one or more of the activities

enumerated in the statute . . . ." *Yelverton v. Lehman*, No. 94-cv-6114, 1996 WL 296551, at *7

(E.D. Pa. June 3, 1996), *aff'd. mem.*, 175 F.3d 1012 (3d Cir. 1999).[4] "For purposes of this section,

the term 'make and enforce contracts' includes the making, performance, modification, and

termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the

contractual relationship." 42 U.S.C. § 1981(b). "Section 1981 offers relief when racial

discrimination blocks the creation of a contractual relationship, as well as when racial

discrimination impairs an existing contractual relationship, so long as the plaintiff has or would

have rights under the existing or proposed contractual relationship." *Domino's Pizza, Inc. v.*

*McDonald*, 546 U.S. 470, 476 (2006).

Here, Mr. Kovalev's factual allegations do not support a finding of intent to discriminate

on the basis of race by any of the defendants. While Mr. Kovalev repeatedly asserts his Eastern

---

[4]     Although the Third Circuit Court of Appeals has listed membership in a racial minority group as
an element of a § 1981 claim, the case in which it made such a conclusion involved non-white plaintiffs.
*See Clemente v. Allstate Ins. Co.*, No. 22-cv-56, 2022 WL 17976324, at *7 (W.D. Pa. Dec. 28, 2022) (citing
*Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001)). The Supreme Court, upon examining the
language and history of the statute, has held that plaintiffs are not barred from bringing § 1981 claims
merely because they are white. *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 286–87 (1976). So,
while Home Depot and Home Depot U.S.A.'s contention that Mr. Kovalev is automatically precluded from
bringing a § 1981 claim because he self-identifies as a white person may at first glance appear obvious, it
is incorrect, and the Court will not dismiss Count XII on that basis.

European origins and remarks frequently that Home Depot employees, including Jane Doe I and Jane Doe II, are African American, he fails to plausibly allege that anything other than his confrontation with Jane Doe II regarding the structural integrity of one plastic bag led to the abrupt cessation of his first transaction in the store. Mr. Kovalev fails to cite even one instance of a defendant indicating that Mr. Kovalev was singled out on account of his race or ethnicity such that the Court could plausibly infer racial animus. *See Joseph v. Planet Fitness Asset Co. LLC*, No. 21-cv-25, 2021 WL 5772562, at *3 (W.D. Pa. Nov. 4, 2021) (finding no racial animus alleged where "no other persons . . . made any reference to, or suggestion of, Plaintiff's race other than Plaintiff himself").

Count XII is thus dismissed.

### 12. Count XIII: Federal Discrimination in Violation of 42 U.S.C. § 1982

Mr. Kovalev next makes a claim under 42 U.S.C. § 1982.

Section 1982 states that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. To succeed under this statute, Mr. Kovalev "must allege with specificity facts sufficient to show or raise a plausible inference of (1) the defendant's racial animus; (2) intentional discrimination; and (3) that the defendant deprived plaintiff of his rights because of race." *Brown*, 250 F.3d at 797.

As discussed above in relation to Mr. Kovalev's § 1981 claim, Mr. Kovalev's conclusory allegations that the defendants were motivated by racial animus toward him, without any actual facts that would lead the Court to find that this conclusion was *plausible*, are insufficient to state a claim under § 1982. *See, e.g.*, *Spence v. Caputo*, No. 12-cv-1077, 2015 WL 630294, at *27 (W.D. Pa. Feb. 12, 2015).

Because Mr. Kovalev fails in Count XIII to cure the infirmities plaguing Count XII, Count

XIII must also be dismissed.

### 13. Count XIV: Conspiracy in Violation of 42 U.S.C. § 1985

Mr. Kovalev makes a claim under 42 U.S.C. § 1985, alleging that Home Depot, Home Depot

U.S.A., and other defendants conspired to deprive him of his rights. The statute sets forth that

> [i]f two or more persons . . . conspire . . . for the purpose of depriving, either directly
> or indirectly, any person or class of persons of the equal protection of the laws, or
> of equal privileges and immunities under the laws . . . the party so injured or
> deprived may have an action for the recovery of damages occasioned by such injury
> or deprivation.

42 U.S.C. § 1985(3). To succeed on this claim, a plaintiff must allege the following elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any
> person or class of persons of the equal protection of the laws, or of equal privileges
> and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4)
> whereby a person is either injured in his person or property or deprived of any right
> or privilege of a citizen of the United States.

*United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott,* 463 U.S. 825, 828–29

(1983). The plaintiff must also allege "invidiously discriminatory animus behind the conspirators'

action." *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971).

Mr. Kovalev fails on this claim too.[5] As discussed above relating to Mr. Kovalev's § 1981

and § 1982 claims, he fails to allege facts that would support a finding that the defendants were

motivated by "invidiously discriminatory animus." *Id.* Mr. Kovalev's conclusory allegation that

the defendants, conspiring together, subjected him "to discriminatory, offensive, egregious, and

abusive treatment" because of his race is entirely unsupported by facts. Am. Compl. ¶ 393.

---

[5]   Home Depot and Home Depot U.S.A. argue that the intracorporate conspiracy doctrine bars Mr.
Kovalev's § 1985 claim. However, as the Supreme Court "has not given its approval to this doctrine in the
specific context of § 1985(3)," this Court will not rely on the doctrine to dismiss this claim. *Ziglar v. Abbasi,*
582 U.S. 120, 153 (2017).

The Court denies Count XIV for failure to state a claim upon which relief can be granted.

### 14. Count XV: Violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. § 201-1, *et seq.*

Finally, Mr. Kovalev attempts to state a claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. § 201-1, arguing that Home Depot and Home Depot U.S.A. "were using deceptive representations in connection with goods and services; . . . representing that services have characteristics, uses, and benefits that they do not have; and . . . representing that goods or services are of a particular standard, quality or grade when such product was of totally different qualities." Am. Compl. ¶ 406.

Pennsylvania's consumer protection law is meant to prohibit "[u]nfair methods of competition" and "unfair or deceptive acts or practices." *Bennett v. A.T. Masterpiece Homes at Broadsprings, LLC*, 40 A.3d 145, 151 (Pa. Super. Ct. 2012). To prevail on such a claim in a private cause of action, "a plaintiff must show that he: 1) purchased or leased goods or services primarily for a personal, family, or household purpose; 2) suffered an ascertainable loss of money or property; and 3) the loss occurred as a result of the use or employment by a person of a method, act, or practice declared unlawful by the UTPCPL." *Mazur v. Milo's Kitchen, LLC*, No. 12-cv-1011, 2013 WL 3245203, at *7 (W.D. Pa. June 25, 2013). If a plaintiff "satisf[ies] the elements of common-law fraud or . . . otherwise alleg[es] deceptive conduct," his claim may survive a motion to dismiss. *Simmons v. Simpson House, Inc.*, 224 F. Supp. 3d 406, 420 (E.D. Pa. 2016).

Mr. Kovalev fails to meet his burden on elements two and three. First, he has not alleged any "ascertainable loss of money or property" as required to state a private cause of action. *Mazur*, 2013 WL 3245203, at *7. Instead, he vaguely states that he "suffered and continues to suffer from injury to his dignity, injury to his health, losses, mental anguish, embarrassment, humiliation, apprehension, grief, loss of enjoyment of life, loss of productive time, defamation, [and] multiple

other harms and damages." Am. Compl. ¶ 418. But as Mr. Kovalev admits, he was ultimately able to make his desired purchases at the Home Depot store, and he does not allege that any of the products actually purchased were defective.

Mr. Kovalev has also failed to allege any deceptive acts or practices. *See* 73 Pa. Cons. Stat. § 201-2(4)(vii) (defining "unfair or deceptive acts or practices" to include "[r]epresenting that goods or services are of a particular standard, quality or grade . . . if they are of another"). The Amended Complaint is entirely devoid of any allegations as to what any defendant represented about the quality of goods or services customers might have expected from Home Depot.

Because the elements of this claim have not been met, Count XIV is dismissed.

### 15. Motion to Strike Claim for Punitive Damages

Mr. Kovalev requests punitive damages of at least $10,000,000 for conduct he believes to be egregious. Home Depot and Home Depot U.S.A. argue that Mr. Kovalev's allegations do not rise to the degree of maliciousness that would typically support an award of punitive damages.

Punitive damages are reserved for "only the most exceptional matters." *In re Lemington Home for the Aged*, 777 F.3d 620, 633 (3d Cir. 2015). Here, Mr. Kovalev has not stated a claim in any of the 15 counts contained in his Amended Complaint, much less shown that the actions of the defendants were so exceptional as to warrant punitive damages.

Mr. Kovalev's claim for punitive damages is therefore dismissed.

### 16. Dismissal as to All Defendants

Home Depot and Home Depot U.S.A. request that the Court dismiss Mr. Kovalev's Amended Complaint in its entirety and as to all parties. "A district court is empowered to dismiss a complaint *sua sponte* under Rule 12(b)(6), even as to non-moving defendants, so long as the plaintiff has notice and an opportunity to respond." *Mann v. A.O. Smith Corp.*, No. 21-cv-2361, 2023 WL 2344225, at *3 (3d Cir. Mar. 3, 2023) (collecting cases).

Here, Mr. Kovalev had notice and, indeed, took an opportunity to respond at considerable length to Home Depot and Home Depot U.S.A.'s motion to dismiss. The deficiencies of Mr. Kovalev's Amended Complaint are common to defendants Home Depot U.S.A., the Home Depot, Inc., the Home Depot #4112, Mr. Menear, Jane Doe I, and Jane Doe II, each of whom is named in every count. And, as discussed above, Mr. Kovalev failed to state a claim under each count.

Therefore, the Court finds that dismissal of all defendants is proper.

## B. Mr. Menear's Motion to Dismiss

Mr. Menear also filed his own motion to dismiss, in which Mr. Menear argues that he should be dismissed because Mr. Kovalev has failed to allege that Mr. Menear participated in the alleged incident. The arguments Mr. Menear made in his motion to dismiss are substantially similar to those made on his behalf in Home Depot and Home Depot U.S.A.'s motion to dismiss.

"Under Pennsylvania law, corporate officers cannot be held liable for the alleged torts committed by the corporation simply by virtue of their offices." *McCracken v. Daimler Chrysler Motors Co.*, No. 07-cv-2202, 2008 WL 920344, at *2 (E.D. Pa. 2008). Generally, corporate officers may be held liable only under the participation theory. *Id.* "Liability under this theory attaches only where the corporate officer is an actor who participates in the wrongful acts." *Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86, 90 (Pa. 1983). Therefore, when a plaintiff seeks to hold a corporate officer liable for the alleged acts of a corporation, he must allege in the complaint that the corporate officer was an active and knowing participant in the alleged activity. *McCracken,* 2008 WL 920344, at *3. The plaintiff's failure to allege active participation by the corporate officer, beyond general supervision of the corporation, results in dismissal of the complaint. *Id.*

Mr. Kovalev includes 15 counts against Mr. Menear in his Amended Complaint, and the basis for including Mr. Menear as a defendant in these counts is that Mr. Menear "is responsible for Defendants' activities as a Chairman and CEO of the Home Depot companies and the main

policy maker for all Home Depot operations." Am. Compl. ¶¶ 120, 144, 168, 180, 194, 287. But even reading the Amended Complaint generously, it simply does not allege that Mr. Menear actively participated in the alleged misconduct that took place in the particular Home Depot store where the alleged events occurred.

The Court will deny Mr. Menear's motion to dismiss because it is moot following the Court's grant of Home Depot and Home Depot U.S.A.'s motion to dismiss.

## II.    Mr. Kovalev's Motion to Strike Mr. Menear's Motion to Dismiss

Mr. Kovalev seeks to strike Mr. Menear's motion to dismiss as untimely. Federal Rule of Civil Procedure 12 permits a party to move a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

However, the Court has found, based on Home Depot and Home Depot U.S.A.'s timely filed motion to dismiss that dismissal of the entire Amended Complaint against all defendants is warranted due to the deficiency of Mr. Kovalev's pleadings.

Therefore, Mr. Kovalev's motion to strike is denied as moot.

## III.   Mr. Kovalev's Motion for Reconsideration

Mr. Kovalev has filed a motion for reconsideration of the Court's August 29, 2022 Order, which denied his motion to compel, granted Home Depot, Home Depot U.S.A., and Mr. Menear's motion for protective order, and directed the parties to execute a confidentiality agreement regarding the materials to be produced by the defendants.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion made under Federal Rule of Civil Procedure 59(e) "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d

666, 669 (3d Cir. 2010). "It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through—rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotation marks omitted).

Mr. Kovalev argues that reconsideration is proper on the third ground because (1) the Court cannot compel disagreeing parties to sign confidentiality agreements, (2) the defendants failed to provide any supporting evidence for their motion for protective order, and (3) the defendants were obligated to comply with Mr. Kovalev's appropriate discovery requests. However, the Court committed no manifest errors of law in its August 29, 2022 Order. The Federal Rules of Civil Procedure permit district courts to circumscribe discovery for good cause shown. *See* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including [by] . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . . ."). "Rule 26(c) places the burden of persuasion on the party seeking the protective order" and "the party seeking the protective order must show good cause by demonstrating a particular need for protection." *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). Nonconsenting parties may be bound by confidentiality agreements under Rule 26(c), so long as they are proportionate to the "good cause" the requesting party articulates. *Roubert v. Amazon*, 609 F. Supp. 3d 354, 358 (E.D. Pa. 2022).

Home Depot, Home Depot U.S.A., and Mr. Menear met their burden when making their motion for protective order, noting that Mr. Kovalev's requests were unreasonably broad.[6]

---

[6]    Mr. Kovalev's requests included "all documents related to policy concerning retention, storage, or destruction of video surveillance records"; "all documents or writings of any nature from any source, which were prepared by, for the benefit of, or provided to Defendants and evidencing any study, research, and investigations on the possible or actual adverse experiences in using the Home Depot's stores and in interacting with Defendants' employees"; "all documents or writings of any nature, which were disseminated to the media (radio, television, newspapers, magazines, etc.) regarding the possible risks,

Compliance with these overly broad requests would be both oppressive and unduly burdensome on the defendants, given the bare factual allegations underlying Mr. Kovalev's Amended Complaint. Moreover, the Court granted the defendants' motion for protective order without prejudice to Mr. Kovalev to revise his discovery requests to his specific claims and requested that the parties work together to submit an appropriately circumscribed confidentiality agreement for the Court's approval.

Mr. Kovalev has therefore failed to show that reconsideration is appropriate, but, in any event, the motion is denied as moot because the grant of Home Depot and Home Depot U.S.A.'s motion to dismiss makes discovery unnecessary.

\* \* \*

---

dangers, hazards, or possible adverse experiences in using [Home Depot] facilities and in interacting with [Home Depot] employees"; documents relating to training of employees, "(specifically indicat[ing] if such training was also including prevention of racial discrimination against White Customers)"; and "entire claims and investigation files of all [the] defendants and their counsel, or any other organization, conclusions or opinions representing the defense or defense strategy." Ex. A to Pl.'s Mot. to Compel at ECF 8–9, 11.

CONCLUSION

Although Mr. Kovalev attempts to hammer home, via conclusory allegations, that some racial animus existed on the part of Home Depot, Home Depot U.S.A., and their employees, when it comes to the nuts and bolts of his Amended Complaint, he only alleges a perhaps tense exchange with employees over a plastic bag. For the foregoing reasons, Home Depot and Home Depot U.S.A.'s Motion to Dismiss is granted in its entirety as to all defendants in this case. Mr. Menear's Motion to Dismiss is denied as moot. Mr. Kovalev's Motion to Strike is denied as moot, as is his Motion for Reconsideration.

Appropriate orders follow.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE